**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SAI-E JOHARI,**

**Plaintiff,**

**v.**

**Civil Action 2:21-cv-4236**
**Judge Sarah D. Morrison**
**Magistrate Judge Chelsey M. Vascura**

**MAYOR ANDREW GINTHER, *et al.*,**

**Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Sai-E Johari, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff brings a variety of unrelated claims against three Defendants: Andrew Ginther, the Mayor of the City of Columbus; Joe Villavicencio, the owner of the building where Plaintiff rents an apartment; and John Doe, the occupant of another apartment in Plaintiff's building. Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against

Joe Villavicencio and John Doe pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted. In addition, the Court **SEVERS** Plaintiff's remaining claims and **DISMISSES** those claims **WITHOUT PREJUDICE** as set forth herein.

## I. MISJOINDER AND SEVERANCE OF CLAIMS

Plaintiff's Complaint is difficult to decipher, but it appears Plaintiff asserts (1) claims against Mayor Ginther premised on Mayor Ginther's support of policies that allegedly encourage illegal immigration into the United States; (2) claims against Joe Villavicencio for failure to maintain Plaintiff's apartment in a habitable condition; and (3) claims against John Doe for injuries suffered by Plaintiff as a result of exposure to second hand cigarette smoke originating from John Doe's apartment. (*See* Compl. 4–6, ECF No. 1-1.) Plaintiff contends that each of these Defendants violated his First, Fourth, and Fourteenth Amendment rights, and also asserts state-law claims for intentional infliction of emotional distress. (*Id.*) Plaintiff filed the instant action on August 24, 2021. He seeks monetary damages as well as declaratory and injunctive relief. (*Id.* at 54–56.)

Federal Rule of Civil Procedure 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, No. 16-13691, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D.

Mich. Mar. 15, 2017). Federal Rule of Civil Procedure 21 provides the remedy for such misjoinder and states as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

Plaintiff's claims against Mayor Ginther, which allege generally that Ginther's support of policies encouraging illegal immigration have led to "excessive wear and tear on infrastructure" and "crime perpetrated by illegal aliens," are misjoined because they are unrelated to Plaintiff's claims against his landlord and neighbor arising out of the allegedly unacceptable condition of Plaintiff's apartment building, resulting in cigarette smoke traveling from John Doe's apartment to Plaintiff's. That is, Plaintiff's claims against Mayor Ginther do not arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against Villavicencio and John Doe. Therefore, in accordance with Rule 21, this action will proceed solely on Plaintiff's claims against Villavicencio and John Doe. Accordingly, Plaintiff's claims against Mayor Ginther are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint in a separate action. The undersigned finds this result to be more just than directing the Clerk to automatically open a new case for the severed claims (several of

which likewise appear to lack merit) because this approach allows Plaintiff the opportunity to consider whether he would like to pursue a separate action, which could subject him to paying an additional filing fee. *See* 28 U.S.C. § 1915(b)(1).

## II. REVIEW OF CLAIMS AGAINST VILLAVICENCIO AND JOHN DOE

### A. Standard of Review

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> * * *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Analysis**

The undersigned construes Plaintiff's constitutional claims against Villavicencio and John Doe as arising under 42 U.S.C. § 1983. To the extent Plaintiff intends to advance a cause of action under § 1983, he must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiff's § 1983 claims fail because Plaintiff has failed to plausibly plead any allegations upon which this Court could rely to conclude that Defendants engaged in state action. *See*, *e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State"); *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."). Plaintiff has not, and cannot, based on his factual allegations, allege that Villavicencio and John Doe are state actors or that their conduct constitutes state action. Plaintiff therefore has failed to state a federal claim based on an alleged violation of his rights under the First, Fourth, or Fourteenth Amendments.

To the extent Plaintiff intends to advance state-law claims, such as intentional infliction of emotional distress, the undersigned recommends that the Court decline to exercise jurisdiction over those claims. Under 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original jurisdiction." The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations omitted). Here, the Complaint confirms that Plaintiff, Villavicencio, and John Doe are all citizens of Ohio such that

the Court may not exercise jurisdiction based on diversity of the parties under 28 U.S.C. § 1332. Thus, the Court does not have original jurisdiction over Plaintiff's state-law claims. Because the undersigned is recommending dismissal of all of Plaintiff's purported federal claims, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any remaining state-law claim and that it **DISMISS WITHOUT PREJUDICE** to filing in state court any such claims.

## III. VEXATIOUS LITIGATOR RECOMMENDATION

This action appears to be the eighth lawsuit Plaintiff has commenced in this district, with the previous seven lawsuits filed between 1994 and 2005. (*See* Case Nos. 2:94-mc-54, 2:94-cv-764, 2:03-cv-950, 2:04-cv-644, 2:04-679, 2:05-cv-288, 2:05-cv-289). Plaintiff has also commenced one additional case in the Northern District of Ohio in 2007 (Case No. 4:07-cv-2755) and five additional cases in the Central District of California in 2014 and 2019 (Case Nos. 2:14-cv-2398, 2:14-cv-6361, 2:14-cv-6364, 2:14-cv-6365, 2:19-5259). Of these twelve previous actions, five have been dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). (*See* S.D. Ohio Case Nos. 2:05-cv-288, 2:05-cv-289; N.D. Ohio Case No. 4:07-cv-2755; C.D. Cal. Case Nos. 2:14-cv-2398, 2:14-cv-6365).

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986))). The Sixth Circuit has upheld various prefiling restrictions trial courts have imposed on vexatious litigators. *See, e.g.*, *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A.*, 141

F.3d 264, 269 (6th Cir. 1998); *Wrenn v. Vanderbilt Univ. Hosp*., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995).

Given that this is the *thirteenth* lawsuit Plaintiff has filed and the sixth recommended dismissal, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. It is further **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

## IV. DISPOSITION

For the reasons set forth above, Plaintiff's claims against Mayor Ginther are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint against this Defendant in a separate action. In addition, it is **RECOMMENDED** that Plaintiff's claims against Villavicencio and John Doe be **DISMISSED** pursuant to § 1915(e)(2) and without prejudice to Plaintiff filing his state-law claims against these Defendants in state court.

In addition, it is **RECOMMENDED** that the Court deem Plaintiff a vexatious litigator and enjoin him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. Finally, it is **RECOMMENDED** that Plaintiff be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE