UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAI-E JOHARI,

    **Plaintiff,**    :

  v.                                       Case No. 2:21-cv-4236
                                             Judge Sarah D. Morrison
                                             Magistrate Judge Chelsey M. Vascura

MAYOR ANDREW GINTHER, *et al.*,      :

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation dismissing Plaintiff Sai-E Johari's claims against Defendants Joe Villavicencio and John Doe pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 3). Plaintiff has filed his Objection and filed a motion for Magistrate Judge Vascura's recusal and to deem her a "bully, vexatious jurisist [sic], and to be reported to the Bar Association for discipline." (ECF No. 5).

**I.    BACKGROUND**

The Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis*. (ECF No. 1). Plaintiff then filed a complaint bringing a variety of unrelated claims against three defendants: Andrew Ginther, the Mayor of the City of Columbus; Joe Villavicencio, the owner of the building where Plaintiff rents an apartment; and John Doe, the occupant of another apartment in Plaintiff's building. (ECF No. 2). Having performed an initial screen, the Magistrate Judge severed and dismissed Plaintiff's claims against Mayor Andrew Ginther and recommends that

1

the Court dismiss Plaintiff's remaining claims against Joe Villavicencio and John Doe. (ECF No. 3). Plaintiff objects to this Report and Recommendation and seeks the Magistrate Judge's recusal. (ECF No. 5). Plaintiff then filed an addendum to his Objection and Motion. (ECF No. 6). Despite the addendum being untimely filed as it pertains to Plaintiff's Objection, the Court will consider it.

## II. PLAINTIFF'S OBJECTIONS

### A. Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure state a claim under [28 U.S.C. § 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Jones v. Domberski*, No. 2:20-CV-

199, 2020 WL 5902516, at *1 (E.D. Tenn. Oct. 1, 2020) (citing *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (internal quotations omitted)).

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). And although pro se complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

B. Analysis

Plaintiff raises three issues in his Objection, and the Court will address only those issues. The Court adopts all other findings and recommendations of the Magistrate Judge.

First, Plaintiff argues that the Magistrate Judge improperly severed and dismissed without prejudice his claims against Defendant Mayor Andrew Ginther and asks the Court to reinstate such claims. Plaintiff's claims against Mayor Ginther did not meet the joinder requirements of Federal Rule of Civil Procedure 20 because they did not "arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims against Villavicencio and John Doe." (ECF No. 3, PageID 130); *See also* Fed. R. Civ. P. 20. When misjoinder under Rule 20 occurs, the Court may sever any claim against a party, and the Magistrate Judge did so here. Fed. R. Civ. P. 21.

Plaintiff now argues that a "causal connection [ ] affirmatively links all [three] defendants." (ECF No. 5, PageID 141). The causal connection being that Defendant Villavicencio "aided and abetted" Mayor Ginther's illegal immigration policies by housing illegal immigrants like Defendant John Doe, who would not have been in the apartment building but for the Mayor's actions. Plaintiff does not apply the correct standard as required by Rule 20. Even if he had, his attempt to connect the effect of the Mayor's immigration policies with the alleged actions of Defendants John Doe and Villavicencio does not establish that the claims arose out

of the same transaction or occurrence. Accordingly, the Court declines Plaintiff's request to reinstate his claims against Defendant Mayor Andrew Ginther.

Second, Plaintiff argues that the Magistrate Judge improperly construed his claims against Defendants John Doe and Villavicencio as being brought under 18 U.S.C. § 1983. (ECF No. 5, PageID 140). The Magistrate Judge recommends dismissal of these § 1983 claims pursuant to § 1915(e)(2) because Plaintiff has not alleged facts showing state action on the part of Defendant John Doe or Defendant Villavicencio. (ECF No. 3, PageID 133–35). Plaintiff asserts that he did not bring any claims against Defendants John Doe and Villavicencio under § 1983 yet makes no argument indicating under what law or theory the claims were brought. The Court therefore construes these claims as brought under § 1983. Plaintiff does not address the state action issue, except to concede that Defendant Villavicencio is a "private citizen." (ECF No. 5, PageID 141). Accordingly, Plaintiff fails to meet basic pleading requirements and has not alleged a viable § 1983 claim.

Lastly, Plaintiff objects to the Magistrate Judge recommending he be declared a vexatious litigator. (ECF No. 3, PageID 134–35). In an apparent attempt to show that he does not have a history of filing frivolous lawsuits, Plaintiff goes into extensive detail about the facts and context surrounding several of his prior cases. (ECF Nos. 5, 6). However, none of this information changes the fact that Plaintiff has commenced eight lawsuits in this district (see Case Nos. 2:94-mc-54, 2:94-cv-764, 2:03-cv-950, 2:04-cv-644, 2:04-679, 2:05-cv-288, 2:05-cv-289), a lawsuit in the Northern District of Ohio (Case No. 4:07-cv-2755), and five additional cases

5

in the Central District of California (Case Nos. 2:14-cv-2398, 2:14-cv-6361, 2:14-cv-6364, 2:14-cv-6365, 2:19-5259). Of these twelve previous actions, five have been dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). (See S.D. Ohio Case Nos. 2:05-cv-288, 2:05-cv-289; N.D. Ohio Case No. 4:07-cv-2755; C.D. Cal. Case Nos. 2:14-cv-2398, 2:14-cv-6365).

This Court has a constitutional obligation to protect itself from "conduct that impedes [its] ability to perform [its] Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Meros v. Dimon*, No. 2:17-cv-103, 2017 WL 6508723, at *9 (S.D. Ohio Dec. 20, 2017) (quoting *Johnson v. Univ. Housing*, No. 2:06-cv-628, 2007 WL 4303728, at * 12 (S.D. Ohio, Dec. 10, 2007) (citing *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986))). Because this is Plaintiff's sixth lawsuit dismissed under 28 U.S.C. § 1915(e), the Court adopts the Magistrate Judge's recommendation and deems Plaintiff a vexatious litigator.

Plaintiff is hereby enjoined from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. Plaintiff shall also be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court. *See Filipas v.*

6

*Lemons*, 835 F.2d 1145 (6th Cir. 1987) (upholding prefiling restrictions on vexatious litigators).

### III. MOTION FOR RECUSAL OF THE MAGISTRATE JUDGE

Plaintiff has also filed a Motion for Magistrate Judge Vascura to be Deemed a Bully, Vexatious Jurist, and be Reported to the Bar Association for Discipline. (ECF No. 5). Beyond the caption of the Motion, and stray remarks referring to the Magistrate Judge's September 3, 2021 Report and Recommendation (ECF No. 3) as "scathing" and "in err," Plaintiff does not explain how the Magistrate Judge acted in a bullying or vexatious manner. Nor do the federal courts provide a mechanism for judges to be deemed a "bully" or "vexatious." However, construing Plaintiff's allegations liberally in light of Plaintiff's *pro se* status, the Court construes Plaintiff's Motion as one for the Magistrate Judge to recuse herself.

A district judge or magistrate "shall" disqualify himself or herself in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, (1994). To the contrary, "[a]lmost invariably, they are proper grounds for appeal, not for recusal." *Id*. A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger" do not meet this high bar. *Id*. at 555–56. Mere disagreement about the Court's ruling in a case is not a ground for

7

disqualification or recusal. *See id.*; *Garver v. United States of America*, 846 F.2d 1029, 1031 (6th Cir. 1988).

Plaintiff's Motion establishes only that he disagrees with the Magistrate Judge's rulings. Plaintiff has therefore not made any demonstration of bias or partiality sufficient to require recusal.

Accordingly, Plaintiff's Motion (ECF No. 5) is **DENIED**.

## IV. CONCLUSION

Plaintiff's Objections (ECF No. 5) are **OVERRULED**, and his claims are dismissed without prejudice to Plaintiff filing his state-law claims against these Defendants in state court. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 3).

The Court deems Plaintiff a vexatious litigator and enjoins him from filing any new actions without either (a) submitting a certification from an attorney who is licensed to practice in this Court or the State of Ohio, stating that there is a good faith basis for the claims Plaintiff seeks to assert; or (b) tendering a proposed complaint for review by this Court prior to the actual filing of the complaint in the Court's docketing system. Plaintiff shall also be required to include the captions and case numbers of all of his prior actions should he file a complaint in this or any other court.

The Court **DENIES** Plaintiff's Motion for Magistrate Judge Vascura's Recusal. (ECF No. 5).

8

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
